UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

**JUL 24 2023** SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DOMINIQUE CONN,

    Plaintiff,    23-CV-4764
                     Judge Gottschall
                     Magistrate Judge Jantz
                     CAT2
v.                  RANDOM                      **COMPLAINT**

EQUIFAX INFORMATION SERVICES       Fair Credit Reporting Act (15 U.S.C. 1681

LLC, a foreign limited liability company,                     et seq)

EXPERIAN INFORMATION SOLUTIONS, INC,

TRANSUNION LLC, AND LEXISNEXIS RISK SOLUTIONS FL INC,

                Defendant,                                **Demand for Jury Trial**

Plaintiff alleges that at all times material:

1.

This a civil action brough under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681et seq. The Court has jurisdiction pursuant to 15 U.S.C. 1681p.

2.

Plaintiff Dominique Conn ("plaintiff") is a natural person residing in the State of Illinois, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681a(c).

3.

Defendant Equifax Information Services, LLC ( "Equifax or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. 1681a(f).

4.

Defendant Experian Information Solutions, LLC ("Experian" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. 1681a(f).

5.

Defendant TransUnion, LLC (" Transunion" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. 1681a(f).

6.

Defendant LexisNexis Risk Solutions FL INC, ("LexisNexis" or Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. 1681a(f).

**Jurisdiction and Venue**

7.

This court has jurisdiction under 15 U.S.C 1681p and 28 U.S.C. 1331.

8.

All conditions precedent to the bringing of this action have been performed.

9.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Dominique Conn**

10.

Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant's Equifax Information's Services, Experian Information Solutions, TransUnion, LLC, and LexisNexis Risk Information Services and has suffered particularized and concrete harm.

11.

Plaintiffs dispute a Bankruptcy account via letter dated October 11, 2022, and November 18,2022 (Exhibit A).

12.

Plaintiff stated as follow in part: You are listing bankruptcy on my credit report, and I am wondering What method you used to retrieve such information? I recently contacted the UNITED STATES BANKRUPTCY COURT dated August 10,2022 and, in their response, letter stated: (See Hereto Attached Exhibit A)

"The United States Bankruptcy Court does not report any information to the credit bureaus and is not responsible for verifying or validating information from consumer's credit file.

13.

In addition, Plaintiff wrote in the same November 18,2022 to LexisNexis disputed the fact that there is a bankruptcy reported.

14.

Plaintiff wrote in the said letter that:

"I request the name of the persons, with their businesses that you contacted for verification of this information. I also demand to see any documents that bear my wet signature request from the account listed above.

Please Delete this misleading information and send me an updated copy of my credit report with item updated.

15.

On or about October 18,2022 and October 25,2022, Plaintiff received her Equifax and TransUnion investigation results. Equifax and TransUnion had not changed anything in her credit report. It contained the same false and misleading information that was in her August 9,2022 Equifax and TransUnion credit report.

16.

On or about October 11,2022 Plaintiff disputed the false and misleading information appearing in her consumer file from August 9,2022. On October 21,2022 Experian received the plaintiff dispute request via USPS certified mail. (See hereto attached Exhibit B) Experian did not conduct an investigation of her dispute.

17.

On or about November 18,2022 Plaintiff disputed the false and misleading information appearing in her consumer file. On November 30,2022 LexisNexis received the plaintiff dispute request via USPS certified mail. (See hereto attached Exhibit C) LexisNexis did not conduct an investigation of her dispute.

18.

Plaintiff received noticed from Defendant LexisNexis dated December 8, 2022, stating:

RE: Unable to Authenticate- Dispute Initiated on Behalf of Consumer

Thank you for your recent contact with LexisNexis Risk Solutions (LexisNexis). Unfortunately, we are unable to authenticate your identity. LexisNexis has initiated the reinvestigation process for the data you disputed, however until your identity is authenticated, we cannot provide you with details of the reinvestigation process.

Please reach out to the Lexis Nexis Consumer Center at 888-497-0011.

19.

On or about December 10.2022 Plaintiff contacted the Lexis Nexis Consumer Center from the phone number listed above. Plaintiff provided the LexisNexis consumer representative her name, Social Security number and address. She also provided them with her LexisNexis Case Number to authenticate the phone call with the consumer representative. She informed LexisNexis of the notice regarding her dispute of the alleged information. LexisNexis consumer representative stated that she will receive the results of her reinvestigation after the authentication phone call. There were no results of investigation of her dispute with LexisNexis.

20.

On or about February 28, 2023, Defendants issued a credit report whereby the one item was not corrected. (Exhibit D).

On or about May 4, 2023, plaintiff received several denials of credit from many different financial institutions and lenders based upon information appearing in her Equifax, Transunion, Experian, LexisNexis credit report. (See Hereto Exhibit E).

21.

15 U.S.C 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide Whenever a consumer disputes an item contained in his or her credit file.

22.

Section 1681i(a) outlines the investigation that the CRA must undertake after the consumer notifies the CRA of the dispute.

23.

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner." Cortez v. TransUnion, LLC, 617 F.3d 688, 706 (3d Cir.2010).

24.

The FCRA was enacted to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. Of Am. V. Burr, 551 U.S. 47,52,127 S. Ct. 2201,167 L. Ed. 2d 1045 (2007). (To achieve this goal, "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute.")
Gorman v. Wolpoff & Abramson, LLP, 584 F. 3d 1147, 1162 (9th Cir 2009). (These duties are triggered whenever a credit reporting agency notifies the furnisher that a consumer has disputed information that it provided to the agency. Id.; 15 U.S.C. 1681s-2(b)(1). Once this occurs, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency" about the dispute, and correct any inaccuracies.Id, see also
Nelson v. Chase Manhattan Mortg. Corp. 282 F.3d 1057, 1059 (9th Cir.2002). (Describing furnisher's duties under the FCRA). If the furnisher fails to carry out any of these duties, the consumer who initiated the dispute may sue the furnisher. 15 U.S.C. 1681o; Nelson,282 F.3d at 1059. See also
Haynes v. Chase Bank U.S.A., N.A.,

25.

The inaccuracy was due to the Defendants' failure to follow reasonable procedures to assure maximum possible accuracy.

26.

When a consumer notifies a CRA that the consumer disputes "the completeness and accuracy of any item of information contained in a consumer's file" the CRA must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed

information or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. 1681i(a)(1)(A). As part of the investigation the CRA must "provide notification of the dispute to any person who provided any item of information dispute that the agency has received from the consumer......" 15 U.S.C. 1681i(a)(2)(A).

27.

Defendants in particular has long been aware of its obligations to properly investigate consumer disputes. It had the benefit of plain, unambiguous statutory language requiring a reasonable investigation of the "completeness or accuracy of **any item** of information contained in a consumer's file" that is disputed by that consumer. 15 U.S.C. 1681(a)(1)(A).

28.

Plaintiff suffered injury.

29.

The plaintff injury was caused by the inclusion of inaccurate entry.

30.

Defendant's failure to investigate disputed account information is a result of its standard policies and practices adopted in reckless disregard of consumer's rights under the FCRA.

31.

At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

32.

At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/ employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CLAIM FOR RELIEF VIOLATIONS OF

## THE FAIR CREDIT REPORTING ACT AGAINST EQUIFAX

### (FCRA- 15 U.S.C.1681n)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

33.

Equifax willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. 1681 et seq., including but not limited to:

a) Failing to follow reasonable procedures to assure maximum possible accuracy if the information in consumer reports, as required by 15 U.S.C. 1681e(b);

b) Failing to comply with the reinvestigation requirements in 15 U.S.C.1681i;

c) The FCRA provides that is a Consumer Reporting Agency ("CRA") conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete the information from the consumer's file pursuant to 15 U.S.C.(a)(5(A).

34.

Ms. Conn initiated a dispute with Equifax requesting that they correct a specific item in their credit file that is inaccurate and unverifiable.

35.

Equifax, after conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item in their credit file.

As result of Equifax's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

36.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

37.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

38.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681n(a).

## SECOND CLAIM FOR RELIEF FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

( FCRA – 15 U.S.C 1681o)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

39.

Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

A) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C 1681e(b);

b.) failing to comply with the reinvestigation requirements in 15 U.S.C 1681i;

40.

As a result of Equifax's violations of the FCRA, plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

41.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

42.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681o(a).

## THIRD CLAIM FOR RELIEF VIOLATIONS OF

## THE FAIR CREDIT REPORTING ACT AGAINST EXPERIAN

## (FCRA- 15 U.S.C.1681n)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

43.

Experian willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. 1681 et seq., including but not limited to:

d) Failing to follow reasonable procedures to assure maximum possible accuracy if the information in consumer reports, as required by 15 U.S.C. 1681e(b);

e) Failing to comply with the reinvestigation requirements in 15 U.S.C.1681i;

f) The FCRA provides that is a Consumer Reporting Agency ("CRA") conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete the information from the consumer's file pursuant to 15 U.S.C.(a)(5(A).

44.

Ms. Conn initiated a dispute with Experian requesting that they correct a specific item in their credit file that is inaccurate and unverifiable.

45.

Experian, after conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item in their credit file.

As result of Experian's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

46.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

47.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

48.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681n(a).

## FOURTH CLAIM FOR RELIEF FAILURE TO
## ASSURE MAXIMUM POSSIBLE ACCURACY
### (FCRA – 15 U.S.C 1681o)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

49.

Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

A) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C 1681e(b);

b.) failing to comply with the reinvestigation requirements in 15 U.S.C 1681i;

50.

As a result of Experian's violations of the FCRA, plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

51.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

52.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681o(a).

## FIFTH CLAIM FOR RELIEF VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT AGAINST TRANSUNION
### (FCRA- 15 U.S.C.1681n)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

53.

TransUnion willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. 1681 et seq., including but not limited to:

A) Failing to follow reasonable procedures to assure maximum possible accuracy if the information in consumer reports, as required by 15 U.S.C. 1681e(b);

b) Failing to comply with the reinvestigation requirements in 15 U.S.C.1681i;

C) The FCRA provides that is a Consumer Reporting Agency ("CRA") conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete the information from the consumer's file pursuant to 15 U.S.C.(a)(5(A).

54.

Ms. Conn initiated a dispute with TransUnion requesting that they correct a specific item in their credit file that is inaccurate and unverifiable.

55.

TransUnion, after conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item in their credit file.

As result of TransUnion's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

56.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

57.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

58.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681n(a).

## SIXTH CLAIM FOR RELIEF FAILURE TO
## ASSURE MAXIMUM POSSIBLE ACCURACY
### (FCRA – 15 U.S.C 1681o)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

59.

Transunion negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

A) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C 1681e(b);

b.) failing to comply with the reinvestigation requirements in 15 U.S.C 1681i;

60.

As a result of Transunion's violations of the FCRA, plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

61.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

62.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681o(a).

## SEVENTH CLAIM FOR RELIEF VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT AGAINST LEXISNEXIS
### (FCRA- 15 U.S.C.1681n)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

63.

LexisNexis willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. 1681 et seq., including but not limited to:

g) Failing to follow reasonable procedures to assure maximum possible accuracy if the information in consumer reports, as required by 15 U.S.C. 1681e(b);

h) Failing to comply with the reinvestigation requirements in 15 U.S.C.1681i;

i) The FCRA provides that is a Consumer Reporting Agency ("CRA") conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete the information from the consumer's file pursuant to 15 U.S.C.(a)(5(A).

64.

Ms. Conn initiated a dispute with LexisNexis requesting that they correct a specific item in their credit file that is inaccurate and unverifiable.

65.

Lexisnexis, after conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item in their credit file.

As result of LexisNexis's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

66.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

67.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

68.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681n(a).

## EIGHTH CLAIM FOR RELIEF FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

(FCRA – 15 U.S.C 1681o)

Plaintiff realleges paragraphs 1-32 as if fully set forth herein.

69.

LexisNexis negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

    A) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C 1681e(b);

    b.) failing to comply with the reinvestigation requirements in 15 U.S.C 1681i;

70.

As a result of LexisNexis's violations of the FCRA, plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

71.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

72.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. 1681o(a).

PRAYER

Plaintiff demands a jury trial on all claims. WHEREFORE, Plaintiff Dominique Conn prays for a judgement as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant Equifax:
    a. Actual damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and
    c. Statutory damages as determined by the court; and
    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Equifax:
    a. Actual damages in an amount to be determined by the jury;
    b. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against Defendant Experian:

   a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; and

   c. Statutory damages as determined by the court; and

   d. Attorney fees and costs.

4. On Plaintiff's Fourth Claim for Relief for negligent violations of the FCRA against Defendant Experian:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

5. On Plaintiff's Fifth Claim for Relief for willful violations of the FCRA against Defendant TransUnion:

   a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; and

   c. Statutory damages as determined by the court; and

   d. Attorney fees and costs.

6. On Plaintiff's Sixth Claim for Relief for negligent violations of the FCRA against Defendant Transunion:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

7. On Plaintiff's Seventh Claim for Relief for willful violations of the FCRA against Defendant LexisNexis:

   a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; and

   c. Statutory damages as determined by the court; and

   d. Attorney fees and costs.

8. On Plaintiff's Eighth Claim for Relief for negligent violations of the FCRA against Defendant LexisNexis:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

9. On All Claims for Relief, costs and expenses incurred in this action.

DATED: July 24th, 2023

Respectfully Submitted,

*Dominique C.*

Dominique Conn

103 N. Oak LN

Glenwood, IL 60425

Email: dominiqueconn486@yahoo.com