**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE CONN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and LEXISNEXIS RISK SOLUTIONS FL INC.,<br><br>Defendants. | Case No.: 1:23-cv-04764<br><br>Judge: Hon. Joan B. Gottschall<br><br>Magistrate: Hon. Beth W. Jantz |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Dominique Conn's Complaint under Rule 12(b)(6) for failure to state a claim.

## INTRODUCTION

Plaintiff Dominique Conn ("Plaintiff") filed for chapter 13 bankruptcy in March 2020. *See* Ex. A. Plaintiff, apparently, does not want potential creditors to know that she filed bankruptcy, and she initiated this lawsuit claiming that it was a violation of the Fair Credit Reporting Act for Experian to report the fact that she filed bankruptcy. The claim is facially frivolous and should be dismissed. Under 15 U.S.C. § 1681c(a)(4)-(5), a bankruptcy can appear on a consumer's credit report for up to seven years. Experian is accurately reporting the fact of Plaintiff's 2020 bankruptcy filing on her credit report. The Complaint, therefore, lacks a

threshold element of the claims Plaintiff asserted against Experian: the existence of an inaccurate credit report. The Complaint should therefore be dismissed.

## BACKGROUND

### I. THE FAIR CREDIT REPORTING ACT AND CHAPTER 13 BANKRUPTCY

Congress implemented the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Relevant here, the FCRA requires a consumer reporting agency ("CRA"), such as Experian, to "follow reasonable procedures to assure maximum possible accuracy of the information" whenever it "prepares a consumer report" "concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b), and to reasonably investigate consumer disputes about the accuracy of their credit data, a process called "reinvestigation." 15 U.S.C. § 1681i(a).

Under 15 U.S.C. § 1681c(a)(4)-(5), bankruptcy filings can be reported for 10 years and accounts that are delinquent or that have been placed for collection can be reported for seven years. *See e.g., Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, *5 (N.D.Ill. Aug. 19, 2016) (granting Defendant's Motion to Dismiss on grounds that Experian's reporting was factually accurate); *Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510, *6 (N.D.Ill. July 25, 2016) ("Section 1681c allows bankruptcy cases to be reported for 10 years, and allows accounts that are delinquent or that have been placed for collection to be reported for seven years."). The Federal Trade Commission has interpreted these provisions and reaffirmed that the reporting of a delinquent account, "even if discharged in bankruptcy, may be reported separately for the applicable seven year period, while the existence of the bankruptcy filing may

be reported for ten years." *Hupfauer*, 2016 WL 4060510 at *6; *see* Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act* 55-56 (July 2011).[1]

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff filed for chapter 13 bankruptcy on March 10, 2020. *See* Ex. A. Plaintiff's plan was confirmed on June 18, 2020. *Id.* According to Plaintiff's public bankruptcy record, Plaintiff's bankruptcy remains pending and has yet to be discharged. *See id.*

On October 11, 2022, and November 18, 2022, in letters to Defendants, Plaintiff purportedly disputed a bankruptcy account and stated, "[y]ou are listing bankruptcy on my credit report, and I am wondering [w]hat method you used to retrieve such information? I recently contacted the UNITED STATES BANKRUPTCY COURT dated August 10, 2022, and, in their response, letter stated: 'The United States Bankruptcy Court does not report any information to the credit bureaus and is not responsible for verifying information from consumer's credit file.'" Compl. ¶¶ 11, 12.

On October 11, 2022 Plaintiff disputed the "false and misleading" information appearing in her consumer report from August 9, 2022 in a letter to Experian.[2] *Id.* ¶ 16. Plaintiff claims that Experian did not conduct an investigation. *Id.*

---

[1] *Available at* https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary interpretations/110720fcrareport.pdf.

[2] Plaintiff also alleges she sent in a dispute to LexisNexis. Experian obtains its consumer bankruptcy information from LexisNexis, which is "is an information services company that aggregates certain types of public records into standardized databases and provides these records to its customers in a standardized format." *Childress v. Experian Info. Servs., Inc.*, No. 1:12-CV-01529-TWP, 2014 WL 3740368, *1 (S.D. Ind. July 30, 2014). LexisNexis "is generally recognized to be a reliable source of such information." *Banno v. Experian Info. Sols., Inc.*, No. 15 C 8291, 2017 WL 3087726, *7 (N.D.Ill. July 20, 2017); *see also Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 675 (6th Cir. 2022) (holding that "LexisNexis has long been thought to provide credit reporting companies with accurate, reliable information."). "Based upon the information that Lexis collects from PACER, Experian reports consumer bankruptcies under Chapter 13 for up to seven years after the case is filed." *Childress*, 2014 WL 3740368, at *1.

Plaintiff alleges that on February 28, 2023 Defendants issued a credit report wherein the bankruptcy was "not corrected." *Id.* ¶ 20.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires that Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 545 (2007). A plausible claim is one that allows the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. By contrast, a complaint does not state a plausible claim when its facts "do not permit the court to infer more than the mere possibility of misconduct [because] the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Taha v. Int'l Bhd. of Teamsters, Loc.*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679).

This Court can take judicial notice of Plaintiff's public bankruptcy proceedings without converting this motion into a motion for summary judgment under Rule 56. *See e.g., Limestone Dev. Corp. v. Vill. of Lemont*, 473 F.Supp.2d 858, 867 (N.D.Ill. 2007) (permitting "a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"); *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) (holding that "[t]he district court may also take judicial notice of matters of public record."). Taking judicial notice is particularly appropriate when evaluating the plausibility of allegations in a complaint. *See Twombly*, 550 U.S. at 569, n. 13 (explaining that the district court was "entitled"

to take judicial notice when assessing a motion dismiss a complaint for failure to state a claim).

## ARGUMENT

### I. PLAINTIFF FAILS TO PLEAD THAT EXPERIAN REPORTED ANY INACCURATE INFORMATION.

Plaintiff's failure to sufficiently allege the presence of any inaccuracy in her Experian consumer report sinks all her claims. As a threshold matter, to state a claim under either 1681e(b) or 1681i, Plaintiff must plausibly allege the existence of an inaccuracy in her credit report. *See e.g.*, *Sarver v. Experian Info. Sols*., 390 F.3d 969, 971 (7th Cir. 2004) ("to state a claim under the statute a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information."); *Handrock v. Ocwen Loan Servicing, LLC*, 216 F. Supp. 3d 869, 873 (N.D.Ill. 2016) ("[t]o state a claim under either § 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information."); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("In order to state a claim under 15 U.S.C § 1681e(b), a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information.") (internal quotation marks omitted).

Plaintiff must plead facts beyond the naked conclusion of "inaccuracy." *See Eisberner v. Discover Prods*., 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (citing *Iqbal*, 556 U.S. at 678-79) (dismissing FCRA claims where "the allegations of the complaint provide no factual support for the bare legal conclusion" CRA's reporting was inaccurate). To state a claim, a consumer cannot simply make conclusory statements of inaccuracy, they must "*sufficiently* allege that [their] credit report contains inaccurate information." *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (emphasis added).

Here, Plaintiff fails to sufficiently allege an inaccuracy in her credit report. Plaintiff does not allege that any reporting of specific information *about* the bankruptcy is inaccurate, but

rather she claims that the bankruptcy itself was false. Plaintiff disputed the "false and misleading information appearing in her consumer file" and asked Defendant to "[d]elete the misleading information" yet does not describe what is "false" or "misleading." Compl. at ¶ 16. The bankruptcy itself is neither. Plaintiff's public record unequivocally shows that Plaintiff filed for chapter 13 bankruptcy. *See* Ex. A. As stated above, The Fair Credit Reporting Act allows bankruptcy filings to be reported for 10 years and accounts that are delinquent or that have been placed for collection to be reported for seven years. *See* 15 U.S.C. § 1681c(a)(4)-(5). Plaintiff filed for chapter 13 bankruptcy in 2020 and therefore Plaintiff's credit report will reflect her bankruptcy filing until 2027. Because Plaintiff has failed to plausibly allege a factual inaccuracy regarding the bankruptcy on Plaintiff's record, Plaintiff has failed to state a claim against Experian, and Plaintiff's claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that this Court grant its Motion to Dismiss Plaintiff's claims against them, with prejudice.

Dated: September 8, 2023

Respectfully submitted,

*/s/ Mitchell H. Ralph*

Mitchell H. Ralph
Illinois Bar No. (6339557)
mralph@jonesday.com
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4053
Facsimile: +1.312.782.8585

*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on Plaintiff at the below email address, and all counsel of record. Plaintiff waived the right to receive paper copies of electronically filed documents via appearance form.

Dominique Conn
Dominiqueconn486@yahoo.com

/s/ *Mitchell H. Ralph*

*Counsel for Experian Information Solutions, Inc.*