**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE CONN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and LEXISNEXIS RISK SOLUTIONS FL INC.,<br><br>Defendants. | Case No. 1:23-cv-04764<br><br>Honorable Joan B. Gottschall |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS FL INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant LexisNexis Risk Solutions FL Inc. ("LNRS FL"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Plaintiff Dominque Conn's ("Plaintiff") claims against LNRS FL, as stated in her Complaint, ECF No. 1.

## INTRODUCTION

Plaintiff alleges LNRS FL[1] violated sections 1681e(b) and 1681i of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by reporting her Chapter 13 bankruptcy filing. However, Plaintiff's claims are entirely frivolous and must be dismissed because they lack a threshold element of an actionable FCRA claim: the existence of an inaccuracy.

Plaintiff does not (and cannot) allege the Chapter 13 bankruptcy is inaccurate or otherwise does not belong to her. *See* Ex. A (copy of Plaintiff's Chapter 13 bankruptcy docket, which is

[1] Plaintiff alleges LNRS FL is a consumer reporting agency under the FCRA. Compl. ¶ 6. LNRS FL is not a "consumer reporting agency" as defined under the FCRA and reserves the right to later challenge this issue. The Court, however, need not resolve that issue now to dismiss Plaintiff's Complaint.

pending in U.S. Bankruptcy Court, Northern District of Illinois and designated bankruptcy petition number 20-06846). And the FCRA permits the reporting of bankruptcy records on a consumer's consumer report for up to ten years "from the date of entry of the order for relief or the date of the adjudication." 15 U.S.C. § 1681c(a)(1).

For the reasons discussed further below, Plaintiff's claims against LNRS FL should be dismissed for failure to state a claim for relief.

## FACTUAL ALLEGATIONS

Plaintiff's Complaint revolves around a Chapter 13 bankruptcy record that was allegedly reported by LNRS FL and the other named Defendants, Equifax, Experian and Trans Union. *See* Compl. ¶¶ 11–14. She alleges the Defendants "inaccurate[ly] report[ed]" the bankruptcy record. Compl. ¶ 10; *see also* Compl. ¶ 20. She further alleges she disputed the bankruptcy record, but the Defendants did not investigate and/or continued to report the record. Compl. ¶¶ 11–19.[2] Based on those allegations, Plaintiff alleges Defendants violated sections 1681e(b) and 1681i of the FCRA.

While Plaintiff alleges the bankruptcy record is "inaccurate," she fails to allege of what is "inaccurate" about the record. Plaintiff filed for Chapter 13 bankruptcy on March 10, 2020. *See* Ex. A. Plaintiff's plan was confirmed on June 18, 2020. *Id.* According to Plaintiff's public bankruptcy record, Plaintiff's bankruptcy remains pending and has yet to be discharged. *See id.*

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell All. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is

[2] Plaintiff's Complaint references a series of exhibits, but Plaintiff attached none of those exhibits to her Complaint.

facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. This requires that Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell AtL Corp.,* 550 U.S. at 545 (2007).

A *pro se* complaint is held to less stringent standards than pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). However, even under this liberal standard, "a pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Accordingly, despite the deferential standard for *pro se* litigants, the pleadings still must comply with the procedural rules governing them. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

## ARGUMENT

To state a claim under either 1681e(b) or 1681i of the FCRA, Plaintiff must plausibly allege the existence of an inaccuracy in her consumer report or consumer file. *See e.g., Sarver v. Experian Info. Sols.,* 390 F.3d 969, 971 (7th Cir. 2004) ("to state a claim under the statute a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information."); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("In order to state a claim under 15 U.S.C § 1681e(b), a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information.") (internal quotation marks omitted); *Handrock v. Ocwen Loan Servicing, LLC,* 216 F. Supp. 3d 869, 873 (N.D. Ill. 2016) ("To state a claim under either § 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information."). Plaintiff's failure to allege any inaccuracy reported by LNRS FL is fatal to her FCRA claims.

Plaintiff claims there was "inaccurate reporting" of her bankruptcy. Compl. ¶¶ 10, 11. She claims to have "disputed the fact that there is a bankruptcy reported[.]" Compl. ¶¶ 13, 14. Yet, she does not allege what is purportedly "inaccurate" about the bankruptcy. Nor can she allege the record is inaccurate. Indeed, the attached docket from the U.S. Bankruptcy Court for the Northern District of Illinois shows the bankruptcy undeniably belongs to Plaintiff. *See* Ex. A.[3] The name, address, and last four digits of her social security number on the bankruptcy docket matches Plaintiff's information for the docket in this case. Accordingly, Plaintiff's conclusory allegations of "inaccurate reporting" are insufficient to state a claim. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016) ("Legal conclusions or bare and conclusory allegations, however, are insufficient to state a claim.").

Likewise, Plaintiff's allegation of "false and misleading information," Compl. ¶ 17, fails to include the required level of specificity needed to state a claim for relief. The bankruptcy record cannot be considered "false" or "misleading" because Plaintiff filed for Chapter 13 bankruptcy. *See* Ex. A. Plaintiff's conclusory allegations relating to "false and misleading information" are insufficient to state a claim. *See Eisberner v. Discover Prods.,* 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (dismissing FCRA claims where "the allegations of the complaint provide no factual support for the bare legal conclusion" CRA's reporting was inaccurate) (citing *Iqbal,* 556 U.S. at 678-79).

[3] This Court can take judicial notice of Plaintiff's public bankruptcy proceedings without converting this motion into a motion for summary judgment under Rule 56. *See e.g., Limestone Dev. Corp. v. Vill. of Lemont,* 473 F.Supp.2d 858, 867 (N.D. Ill. 2007) (permitting "a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"); *U.S.* v. *Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) (holding that "[t]he district court may also take judicial notice of matters of public record."). Taking judicial notice is particularly appropriate when evaluating the plausibility of allegations in a complaint. *See Twombly,* 550 U.S. at 569, n. 13 (explaining that the district court was "entitled" to take judicial notice when assessing a motion dismiss a complaint for failure to state a claim).

Plaintiff also cannot claim the alleged reporting of her bankruptcy record somehow violated the FCRA. The FCRA permits the reporting of bankruptcy records on consumer reports for ten years from the date of entry of the order for relief or the date of adjudication. *See* 15 U.S.C. § 1681c(a)(1); *see also Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 U.S. Dist. LEXIS 97533, at *17-18 (N.D. Ill. July 25, 2016) ("Section 1681c allows bankruptcy cases to be reported for 10 years, and allows accounts that are delinquent or that have been placed for collection to be reported for seven years."). Plaintiff filed for Chapter 13 bankruptcy in 2020 and therefore Plaintiff's bankruptcy falls within the permitted ten-year reporting timeframe.

Accordingly, Plaintiff's FCRA claims based on the alleged reporting and dispute of an "inaccurate" bankruptcy record should be dismissed with prejudice. *See e.g., Hupfauer v. CitiBank, N.A.*, No. 16-C-475, 2016 U.S. Dist. LEXIS 112227, at *23 (N.D. Ill. Aug. 19, 2016) (dismissing FCRA claims for failure to allege an inaccuracy because the reporting at issue was factually accurate); *see also Washington v. Equifax*, No.3:1-cv-00154, 2019 U.S. Dist. LEXIS 98696, at *7 (M.D. Tenn. May 2, 2019) (dismissing plaintiff's FCRA claims against Equifax related to the reporting of plaintiff's bankruptcy where he claimed it was inaccurate for Equifax to report that his bankruptcy "came from the court.").

## CONCLUSION

For the foregoing reasons, LNRS FL respectfully requests that the Court (1) grant its Motion to Dismiss; (2) dismiss Plaintiff's claims against LNRS FL with prejudice; and (3) grant any other such relief as may be appropriate.

Dated: September 20, 2023

By: */s/ Daniel R. Waltz*

Daniel R. Waltz (Illinois No. 6304232)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 W Monroe, Suite 3900

Chicago, IL 60606
Telephone: (312) 759-5948
Facsimile: (312) 759-1939
Email: daniel.waltz@troutman.com
*Counsel for Defendant LexisNexis Risk Solutions FL, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the above and foregoing was served on September 20, 2023 via the Court's CM/ECF system on all counsel of record. A copy was also sent via U.S. Mail to the following:

Dominique Conn
103 N Oak Ln
Glenwood, IL 60425
Dominiqueconn486@yahoo.com

/s/ *Daniel R. Waltz*
Daniel R. Waltz