**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE CONN,<br><br>Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and LEXISNEXIS RISK SOLUTIONS FL INC.,<br><br>Defendants. | Case No.: 1:23-cv-04764<br><br>Judge: Hon. Joan B. Gottschall<br><br>Magistrate: Hon. Beth W. Jantz |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Dominique Conn's Amended Complaint (ECF No. 40) under Rule 12(b)(6) for failure to state a claim. Because Plaintiff's Amended Complaint is deficient for the same reasons as her original complaint, Plaintiff's claims should be dismissed with prejudice.

## INTRODUCTION

Plaintiff Dominique Conn ("Plaintiff") filed for chapter 13 bankruptcy in March 2020. *See* Ex. A. Plaintiff, apparently, does not want potential creditors to know that she filed bankruptcy, and she initiated this lawsuit claiming that it was a violation of the Fair Credit Reporting Act for Experian to report the fact that she filed bankruptcy. *See* Compl., ECF No. 1; Am. Compl. ¶ 11. The claim is facially frivolous and should be dismissed. Under 15 U.S.C. § 1681c(a)(4)-(5), a bankruptcy can appear on a consumer's credit report for up to seven years.

Experian is accurately reporting the fact of Plaintiff's 2020 bankruptcy filing on her credit report. Despite multiple chances to plead, Plaintiff's Amended Complaint still lacks a threshold element of the claims asserted against Experian: the existence of an inaccurate credit report. The Amended Complaint should therefore be dismissed.

## BACKGROUND

### I. THE FAIR CREDIT REPORTING ACT AND CHAPTER 13 BANKRUPTCY

Congress implemented the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Relevant here, the FCRA requires a consumer reporting agency ("CRA"), such as Experian, to "follow reasonable procedures to assure maximum possible accuracy of the information" whenever it "prepares a consumer report" "concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b), and to reasonably investigate consumer disputes about the accuracy of their credit data, a process called "reinvestigation." 15 U.S.C. § 1681i(a).

Under 15 U.S.C. § 1681c(a)(4)-(5), bankruptcy filings can be reported for 10 years and accounts that are delinquent or that have been placed for collection can be reported for seven years. *See e.g.*, *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, *5 (N.D. Ill. Aug. 19, 2016) (granting defendant's motion to dismiss on grounds that credit reporting was factually accurate); *Freedom v. Citifinancial, LLC*, No. 15 C 10135, 2016 WL 4060510, *6 (N.D. Ill. July 25, 2016) ("Section 1681c allows bankruptcy cases to be reported for 10 years, and allows accounts that are delinquent or that have been placed for collection to be reported for seven years."). The Federal Trade Commission has interpreted these provisions and reaffirmed that the reporting of a delinquent account, "even if discharged in bankruptcy, may be reported separately

for the applicable seven year period, while the existence of the bankruptcy filing may be reported for ten years." *Hupfauer*, 2016 WL 4060510 at *6; *see* Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act* 55-56 (July 2011).[1]

## II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

Plaintiff filed for chapter 13 bankruptcy on March 10, 2020. *See* Ex. A. Plaintiff's plan was confirmed on June 18, 2020. *Id.* According to Plaintiff's public bankruptcy record, Plaintiff's bankruptcy remains pending and has yet to be discharged. *See id.*

### a. Plaintiff's Original Complaint and the First Motion to Dismiss

Plaintiff's Original Complaint recounted the alleged disputes and subsequent events as follows: On October 11, 2022, and November 18, 2022, in letters to Defendants, Plaintiff purportedly disputed a bankruptcy account and stated, "[y]ou are listing bankruptcy on my credit report, and I am wondering [w]hat method you used to retrieve such information? I recently contacted the UNITED STATES BANKRUPTCY COURT dated August 10, 2022, and, in their response, letter stated: 'The United States Bankruptcy Court does not report any information to the credit bureaus and is not responsible for verifying information from consumer's credit file.'" Compl. ¶¶ 11, 12.

According to the Original Complaint, on October 11, 2022 Plaintiff disputed the "false and misleading" information appearing in her consumer report from August 9, 2022 in a letter to Experian.[2] *Id.* ¶ 16. Plaintiff claimed that Experian did not conduct an investigation, *id.*, and

[1] *Available at* https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary interpretations/110720fcrareport.pdf.

[2] Plaintiff also alleged that she sent a dispute to LexisNexis. Experian obtains its consumer bankruptcy information from LexisNexis, which is "is an information services company that aggregates certain types of public records into standardized databases and provides these records to its customers in a standardized format." *Childress v. Experian Info. Servs., Inc.*, No. 1:12-CV-01529-TWP, 2014 WL 3740368, *1 (S.D. Ind. July 30, 2014). LexisNexis "is generally recognized to be a reliable source of

that on February 28, 2023 Defendants issued a credit report wherein the bankruptcy was "not corrected." *Id.* ¶ 20. Finally, Plaintiff alleged that she received denials of credit from "many different financial institutions and lenders" based on information from those reports. *Id.* ¶ 21.

Experian filed a motion to dismiss pursuant to Rule 12(b)(6) on the grounds that Plaintiff failed to adequately plead an inaccuracy in her Experian credit report as required to state a claim under the FCRA. Experian's Mot. to Dismiss and Supporting Brief, ECF Nos. 25–26.

**b. Plaintiff's Amended Complaint**

Undeterred, Plaintiff amended her complaint to allege essentially the same facts but now without reference to any letter sent to Experian and without explaining the exact contents of her alleged November 18, 2022 dispute letter sent to LexisNexis. Plaintiff now vaguely alleges only that she sent a letter to LexisNexis on November 18, 2022 "disputing the accuracy of the Bankruptcy account." Am. Compl. ¶ 11. Plaintiff's Amended Complaint does not allege that she sent a letter to Experian directly.

The Amended Complaint in various places alleges "erroneous information," "incorrect information," "inaccuracies," "inaccurate[] . . . accounts information relating to the discharged debt," and more without stating what information specifically is alleged to be inaccurate. *Id.* ¶¶ 12–22. Similarly, the Amended Complaint vaguely adds reference to a list of accounts about which "the information was inaccurate": "the Bankruptcy Court, Caine & Weiner Company,

---

such information." *Banno v. Experian Info. Sols., Inc.*, No. 15 C 8291, 2017 WL 3087726, *7 (N.D. Ill. July 20, 2017); *see also Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 675 (6th Cir. 2022) (holding that "LexisNexis has long been thought to provide credit reporting companies with accurate, reliable information."). "Based upon the information that Lexis collects from PACER, Experian reports consumer bankruptcies under Chapter 13 for up to seven years after the case is filed." *Childress*, 2014 WL 3740368, at *1.

Inc., Great American Finance, Opportunity Financial LLC, Nordstrom, Skopos Financial, Fingerhut, and Acceptance Now accounts." *Id.* ¶ 25. The Amended Complaint does not elaborate.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires that Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 545 (2007). A plausible claim is one that allows the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. By contrast, a complaint does not state a plausible claim when its facts "do not permit the court to infer more than the mere possibility of misconduct [because] the complaint has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Taha v. Int'l Bhd. of Teamsters, Loc.*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679).

This Court can take judicial notice of Plaintiff's public bankruptcy proceedings without converting this motion into a motion for summary judgment under Rule 56. *See e.g.*, *Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 867 (N.D. Ill. 2007) (noting "a district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"); *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) ("The district court may also take judicial notice of matters of public record."). Taking judicial notice is particularly appropriate when evaluating the plausibility of allegations in

a complaint. *See Twombly*, 550 U.S. at 568, n. 13 (explaining that the district court was "entitled" to take judicial notice when assessing a motion dismiss a complaint for failure to state a claim).

## ARGUMENT

### I. PLAINTIFF FAILS TO PLEAD THAT EXPERIAN REPORTED ANY INACCURATE INFORMATION.

#### A. The Bankruptcy Itself Is Accurate and Verifiable Via Public Records Subject to Judicial Notice.

Plaintiff's continuing failure to sufficiently allege the presence of any inaccuracy in her Experian consumer report sinks all her claims. As a threshold matter, to state a claim under either 1681e(b) or 1681i, Plaintiff must plausibly allege the existence of an inaccuracy in her credit report. *See e.g.*, *Sarver v. Experian Info. Sols*., 390 F.3d 969, 971 (7th Cir. 2004) ("to state a claim under the statute a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information."); *Handrock v. Ocwen Loan Servicing, LLC*, 216 F. Supp. 3d 869, 873 (N.D. Ill. 2016) ("[t]o state a claim under either § 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information."); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("In order to state a claim under 15 U.S.C § 1681e(b), a consumer must sufficiently allege that a credit reporting agency prepared a report containing 'inaccurate' information.") (internal quotation marks omitted).

Plaintiff must plead facts beyond the naked conclusion of "inaccuracy." *See Eisberner v. Discover Prods*., 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (citing *Iqbal*, 556 U.S. at 678–79) (dismissing FCRA claims where "the allegations of the complaint provide no factual support for the bare legal conclusion" CRA's reporting was inaccurate). To state a claim, a consumer cannot simply make conclusory statements of inaccuracy, they must "*sufficiently* allege that [their] credit report contains inaccurate information." *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (emphasis added).

Here, Plaintiff fails to sufficiently allege an inaccuracy in her credit report. Plaintiff does not allege that any reporting of specific information *about* the bankruptcy is inaccurate, but appears to claim that the bankruptcy itself was false. Plaintiff claims to have "disput[ed] the accuracy of the Bankruptcy account" and alleges "erroneous reporting" and "incorrect information"— yet Plaintiff does not describe what is "erroneous" or "incorrect." Compl. at ¶¶ 11, 16. The bankruptcy itself is neither. Plaintiff's public record unequivocally shows that Plaintiff filed for chapter 13 bankruptcy. *See* Ex. A. As stated above, The Fair Credit Reporting Act allows bankruptcy filings to be reported for 10 years and accounts that are delinquent or that have been placed for collection to be reported for seven years. *See* 15 U.S.C. § 1681c(a)(4)-(5). Plaintiff filed for chapter 13 bankruptcy in 2020 and therefore Plaintiff's credit report will reflect her bankruptcy filing until 2027. Because Plaintiff has still failed to plausibly allege a factual inaccuracy regarding the bankruptcy on Plaintiff's record, Plaintiff has failed to state a claim against Experian, and Plaintiff's claims must be dismissed.

**B. Conclusory Allegations that a Laundry List of Accounts Are "Inaccurate" or "Erroneous" Do Not Save Plaintiff's Claims Either.**

Plaintiff adds to her Amended Complaint a laundry list of allegedly "inaccurate" accounts, but like her allegations as to the bankruptcy itself, these bare allegations do not specify the alleged inaccuracies and are not sufficient to support an inference of Experian's liability under the FCRA. *See* Am. Compl. ¶¶ 25, 31.

Plaintiff must plead more than a conclusory statement of "inaccuracy" to state a claim for relief, and her failure to advance any facts supporting that contention is fatal to her claims as to the list of accounts added to the amended complaint. As explained above, inaccuracy is a core element of a consumer's prima facie case under the FCRA—a consumer reporting agency "cannot be liable as a threshold matter . . . if it did not report inaccurate information." *Walton v.*

*BMO Harris Bank N.A.*, 761 F. App'x 589, 591 (7th Cir. 2019) (discussing claims under Section 1681e(b)); *see, e.g.*, *Chuluunbat v. Experian Info. Sols. Inc.*, 4 F.4th 562, 567 (7th Cir. 2021) ("A threshold requirement for claims under both sections [1681e(b) and 1681i(a)(1)(A)] is that there must be an inaccuracy in the consumer's credit report."). To state a claim, a consumer cannot simply make conclusory statements of inaccuracy, she must "sufficiently allege that [her] credit report contains inaccurate information." *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (emphasis added).

Here, Plaintiff's unsupported allegation that the various accounts were "inaccurate" is completely conclusory, and therefore she has not alleged a set of facts sufficient to support this essential element of her claims. Not even close. Plaintiff's only purported "fact" on this point is the vague name-dropping of a laundry list of accounts without further explanation. Am. Compl. ¶ 25. Plaintiff does not bother to explain what those accounts are, state the specific information about them that she alleges is inaccurate, or establish that the accuracy of that information is material. Nor does Plaintiff attempt to plead any facts (let alone plausible ones) that show her basis for claiming that this unspecified information is inaccurate. That is the epitome of a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). And thus, there can be no reasonable inference that Experian is liable for the misconduct alleged (whatever that is).

Other plaintiffs alleging far more detail have had their claims dismissed for failure to plausibly plead an inaccurate item in their credit report. *See, e.g., Eisberner v. Discover Prods., Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (dismissal where the plaintiff offered "no factual support" for her conclusory assertion that it was inaccurate to describe her accounts as "charged off"); *Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 849–50 (N.D. Ill. Jan. 3. 2017)

(dismissal where attached credit report contradicted the plaintiff's allegations explaining the alleged inaccuracy); *Hupfauer*, 2016 WL 4506798, at *2–4 (same); *see also Buell v. Experian Info. Sols., Inc.*, 1:22-cv-14-HAB, 2023 WL 3596357, at *1–2 (N.D. Ind. May 23, 2023) (granting judgment on the pleadings because "[w]ithout evidence of an inaccuracy, Plaintiff cannot show that the [defendants] violated either section [1681e(b) or 1681i(a)] of the FCRA"). Because Plaintiff has not alleged any facts supporting her contention of inaccuracy as to these accounts (or the bankruptcy), she fails to state an FCRA claim and the Amended Complaint must be dismissed.

### C. Plaintiff's New Legal Theories Invoking Various Additional Subsections of 15 U.S.C. § 1681i(a) Do Not Change the Result.

Finally, the fact that Plaintiff adds citations to various sub-duties of consumer reporting agencies under 15 U.S.C. § 1681i(a) does not cure or excuse Plaintiff's failure to adequately plead an inaccuracy. Under these sections, too, inaccuracy is a threshold element. *E.g.*, *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023) ("A CRA's liability under both § 1681e(b) and § 1681i(a) depends on inaccurate information—if the credit report is accurate, the consumer has suffered no damages."); *see also Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 121–22 (E.D.N.Y. 2020) (rejecting arguments that inaccuracy requirement does not apply to claims under § 1681(a)(6) and (a)(7) based on CRA's obligation to provide a description of procedures used to determine the accuracy and completeness of information disputed).

Accordingly, none of the following allegations supports a claim for relief here:

1. That Experian failed to provide a requested copy or a written description of procedures used to determine the accuracy and completeness of disputed information, (Am. Compl. ¶¶ 31, 50; *see* 15 U.S.C. § 1681i(a)(6)(B)(iii), (a)(7)).[3]

[3] Plaintiff includes this allegation in her claim for violations of 15 U.S.C. § 1681i(a)(2), but that

2. That Experian failed to review, consider, and/or forward all relevant information to a data furnisher, (Am. Compl. ¶ 32; *see* 15 U.S.C. § 1681i(a)(2), (a)(4)).

3. That Experian failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information, (Am. Compl. ¶ 44; *see* 15 U.S.C. § 1681i(a)(5)(C)).[4] *Cf. Chaitoff*, 79 F.4th at 811 (requiring inaccuracy for any claim under § 1681i as well as analogous claims for failure to maintain reasonable procedures under § 1681e(b)).

In sum, all Plaintiff's FCRA claims fail on the threshold element of pleading an inaccuracy, and therefore the Amended Complaint should be dismissed in its entirety.

## II. PLAINTIFF DOES NOT PLEAD A DISPUTE AS TO ANY SPECIFIC TRADELINES OTHER THAN HER BANKRUPTCY.

Plaintiff's reinvestigation claims as to items on her credit report other than her bankruptcy fail for an additional reason: Plaintiff does not plead any facts showing that she disputed those accounts. Under 15 U.S.C. § 1681i(a), a consumer reporting agency is obligated to conduct a reasonable reinvestigation (and comply with § 1681i(a)'s various subsections) only if the agency has received notice of a dispute as to the alleged inaccuracy. *E.g.*, *Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-cv-01364-AC, 2021 WL 1277961, at *3 (D. Or. Feb. 15, 2021) ("To state a claim under § 1681i(a), plaintiffs must establish that . . . they notified the CRA . . . of the inaccuracy."); 15 U.S.C. § 1681i(a)(1)(A) (requiring a CRA to reinvestigate "to determine whether *the disputed information* is inaccurate" upon notice of a dispute by the consumer regarding "the completeness or accuracy of any item of information") (emphasis added).

Plaintiff has not pleaded facts showing that she notified Experian of an alleged inaccuracy as to any account other than her bankruptcy itself. Plaintiff alleges only that she sent a letter to

---

provision concerns prompt notice of dispute to furnishers of disputed information.

[4] Plaintiff also does not allege the deletion and reinsertion of inaccurate material required to state a claim under this section. *See* Am. Compl. ¶¶ 11–22, 43–48; 15 U.S.C. § 1681i(a)(5)(C); *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 904 (3d Cir. 2011) (affirming summary judgment for defendant because there was no evidence defendant deleted and reinserted inaccurate information).

LexisNexis "disputing the inaccuracy of the Bankruptcy account" and that LexisNexis in turn "notified Experian . . . of the dispute." Am. Compl. ¶¶ 11–12. Nowhere in the Amended Complaint does Plaintiff explain when or how she disputed the various other accounts she references in her claims for relief, and that deficiency is fatal to her § 1681i claims. As explained above, any FCRA claim as to Plaintiff's bankruptcy is frivolous because the bankruptcy is verifiable via public records. Because Plaintiff has not sufficiently alleged a dispute as to any other item on her credit report, all Plaintiff's claims under § 1681i must be dismissed in their entirety.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that this Court grant its Motion to Dismiss Plaintiff's claims against it, with prejudice.

Dated: October 20, 2023

Respectfully submitted,

*/s/ Mitchell H. Ralph*

Mitchell H. Ralph
Illinois Bar No. (6339557)
mralph@jonesday.com
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4053
Facsimile: +1.312.782.8585

*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on Plaintiff at the below email address, and all counsel of record. Plaintiff waived the right to receive paper copies of electronically filed documents via appearance form.

Dominique Conn
Dominiqueconn486@yahoo.com

/s/ *Mitchell H. Ralph*

*Counsel for Experian Information Solutions, Inc.*